IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANDREW ANTHONY MCINTOSH, #79436                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 4:08-cv-93-TSL-LRA

BART GRIMES, PHADELL CASSIDY,
UNKNOWN GALLESPIE AND JOYCE GRAHAM                          DEFENDANT

MEMORANDUM OPINION AND ORDER

    This cause is before the court, <u>sua sponte</u>, for consideration of dismissal.  Plaintiff, Andrew Anthony McIntosh, an inmate currently confined in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are Bart Grimes, Phadell Cassidy, Unknown Gallespie and Joyce Graham.

    Plaintiff claims that his constitutional rights have been violated and that he is being held illegally because his sentence has been calculated incorrectly.  Plaintiff asserts that he was sentenced to twenty years in the custody of the Mississippi Department of Corrections and has received ten years of good time credit.  Further, plaintiff claims that his parole date was denied for no reason.  Plaintiff seeks as relief that he be released from incarceration.

<u>Analysis</u>

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>See Neitzke v. Williams</u>, 490 U.S. 319, 327(1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32(1992); and <u>Macias v. Raul A.</u>, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." <u>Henson-El v. Rogers</u>, 923 F.2d 51, 53 (5th Cir.), <u>cert. denied</u>, 501 U.S. 1235(1991). See <u>Neitzke v. Williams</u>, 490 U.S. 319, 325(1989); <u>Parker v. Carpenter</u>, 978 F.2d 190, 191 n.1 (5th Cir. 1992); <u>Ancar v. Sara Plasma, Inc.</u>, 964 F.2d 465, 468 (5th Cir. 1992); <u>Henthorn v. Swinson</u>, 955 F.2d 351, 352 (5th Cir.), <u>cert. denied</u>, 504 U.S. 988(1992). "[I]n an action proceeding

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)   is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii)     seeks monetary relief against a defendant who is immune from such relief.

under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

<u>Claims</u>

Initially, this court must decide whether plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept*.,* 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If plaintiff's claims are proven and this court grants the requested relief, it could result in plaintiff receiving an early release from custody. With this in mind, this court has determined that plaintiff must first pursue this cause

3

by filing a petition for habeas corpus relief.

Before plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Thomas v. Torres</u>, 717 F.2d 248, 249 (5th Cir. 1983). Since the plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

<u>Conclusion</u>

As discussed above, plaintiff's claims are habeas in nature and not properly pursued under 42 U.S.C. § 1983. Consequently, plaintiff's cause of action will be dismissed without prejudice.

A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the  16th     day of  September, 2008.


                          /s/Tom S. Lee
                          UNITED STATES DISTRICT JUDGE